**Lincoln GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–391–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Rehearing Overruled Aug. 31, 1993.

Alan K. Sumrall, Victoria, for appellant.

Lincoln Grant, pro se.

George J. Filley, III, Dist. Atty. of Victoria County, Michael M. Kelly, Asst. Dist. Atty., Victoria, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant, Lincoln Grant, guilty of robbery and sentenced him, under the Habitual Felon Statute, to thirty years of confinement in the Institutional Division of the Texas Department of Criminal Justice. In one *Batson* [1] point of error, appellant challenges the constitutionality of his conviction. We affirm.

During voir dire, the State questioned members of the jury panel regarding their marital status. Prospective jurors 17, 23, and 32 were the only three out of a panel of thirty-two who were single and had no children. The State exercised three of its four peremptory challenges to strike these three jurors from the panel.[2] Juror 23 was the only black on the jury panel, due to the fact that the one other black had been struck for cause.

Appellant objected to the State's exercise of its peremptory challenges, arguing that striking prospective juror 23 was racially motivated. A *Batson* hearing followed and appellant established his prima facie case. *See* TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). The State rebutted with evidence that it struck all three of the members of the venire that were single and had no children. The Court found that the State's explanation was racially neutral.

■ The standard of review for claims that peremptory strikes were used in a racially discriminatory manner is "clearly erroneous." *Hill v. State*, 827 S.W.2d 860, 865 (Tex.Crim.App.1992). To determine whether the factfinder's decision is "clearly erroneous," a reviewing court looks to the record to see if it is "left with the 'definite and firm conviction that a mistake has been committed'." *Hill*, 827 S.W.2d at 865 (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511 (1985).

■ The reviewing court must also evaluate the reasons given by the State in light of the circumstances of the trial to determine whether the explanations were merely a pretext. *Whitsey v. State*, 796 S.W.2d 707, 713 (Tex.Crim.App.1989). In *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988) (Opinion Following Abatement), the Court enunciated a nonexclusive list of factors, any one of which, if present, tends to show that the State's reasons are not actually supported by the record or are an impermissible pretext. Those factors are: 1) the reason given for the peremptory challenge is not related to the facts of the case; 2) there was a lack of questioning to the challenged juror or a lack of meaningful questions; 3) disparate treatment—persons with the same or similar characteristics as the challenged juror were not struck; 4) disparate examination of members of the venire, i.e., questioning a challenged juror so as to evoke a certain response without asking the same question of other panel members; and 5) an explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically. *Keeton*, 749 S.W.2d at 866.

The evidence shows that the State consistently exercised its peremptory challenges to strike each and every member of the venire who was single and had no children, whether or not they were black. Furthermore, when he interviewed prospective juror 17, counsel for the State exhibited a preference to strike members of the venire who were single and had no children. Counsel for the State commented:

All right. I've found that—I'll be honest with you. I'm a little hesitant with people that don't have kids, and the only reason I say that is because I remember when I didn't have kids. I was Superman, free as a bird. But when you get kids, yeah some of you have kids, and your outlook on life changes a little bit. And I will be honest with you that is just the way I think.

That counsel for the State had this discussion with prospective juror 17 before he reached prospective juror 23 is evidence that striking venirepersons who were single and without

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. Both parties had agreed to take a reduction in peremptory challenges.

children was, in fact, counsel for the State's trial strategy.

Moreover, we do not find that the reason given by the State was merely a pretext. *Whitsey*, 796 S.W.2d at 713. Applying the *Keeton* factors, no evidence suggests that the group bias ("Superman, free as a bird") does not apply to prospective juror 23; the record reveals no disparate treatment and no disparate examination of prospective juror 23; and the State did not fail to meaningfully question prospective juror 23. However, that the reason given for the peremptory challenge is not directly related to the facts of this case causes this Court to pause. We caution that the State has exercised its peremptory challenges in a manner that reaches constitutional boundaries.

Nonetheless, we affirm the trial court's finding because the reason given appears to be a legitimate trial strategy, particularly in light of the fact that the State exercised its peremptory challenges against each and every member of the venire who was single and without children. We are not left with the "definite and firm conviction that a mistake has been committed." *Hill*, 827 S.W.2d at 865. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.

